# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HAILEY HEFFRON,

    Plaintiff,

vs.

CITRUS HMA, LLC d/b/a SEVEN RIVERS
REGIONAL MEDICAL CENTER,

    Defendant.

CASE NO.: 5:13-cv-453-ACC-PRL

### DEFENDANT'S NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW, the Defendant, CITRUS HMA, LLC, d/b/a SEVEN RIVERS REGIONAL MEDICAL CENTER ("SRRMC"), by and through its undersigned counsel, and gives notice that it has answered the Interrogatories propounded by Plaintiff HAILEY HEFFRON, and said answers are provided with a copy of this notice.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing has been furnished via *email* to Luis Cabassa, Esq., Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, FL 33602, this 5th day of February, 2014.

    /s/ Denise Wheeler
    Denise L. Wheeler
    Florida Bar No: 0017809
    Jaime A. Maurer
    Florida Bar No: 0033313
    Roetzel & Andress, LPA
    2320 First Street
    Suite 1000
    Fort Myers, FL 33901-2904
    Telephone: 239.337.3850
    Facsimile: 239.337.0970
    *Attorneys for Defendant*

7843563 _1

## GENERAL OBJECTIONS

The following objections shall apply to the Plaintiff's First Interrogatories directed to the Defendant, SEVEN RIVERS REGIONAL MEDICAL CENTER, and are expressly incorporated into its answers thereto:

1. These answers are made without waiver of, and with preservation of: All questions as to competency, relevancy, materiality, privilege, and admissibility of these answers, the answers produced hereunder, and the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including the trial of this action) and in any other action; the right to object to the use of any such answers, or the subject matter thereof, on any grounds in any further proceeding of this action (including the trial of this action) and in any other action; the right to object on any grounds at any time to a demand or request for further discovery proceedings involving or relating to the subject matter hereof; and the right at any time to revise, correct, add to, supplement, or clarify any of the answers contained herein.

2. Defendant specifically reserves its right to supplement these discovery responses herein.

## INTERROGATORIES

INTERROGATORY NO. 1
Please identify each and every person who answered any or all of these interrogatories, provided information for any answer, provided advice, or in any other way took part in the preparation of these answers, describing for each person so identified what part he or she performed in the answering of these interrogatories. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

ANSWER NO. 1

Joann Mramor, HR Director, the person with the most knowledge of the issues in this matter with assistance of counsel.

INTERROGATORY NO. 2

Please describe in detail how and why the Defendant terminated Plaintiff, including but not limited to:

    (a)    identifying by name, business address, and job title each person who had any input into the decision, and specify that person's role;

    (b)    specifying the reason(s) for terminating the Plaintiff; and

    (c)    identifying any and all documents (by author, date, subject matter and custodian) reviewed and/or created in the decision making process, or created afterward to explain or memorialize Plaintiff's termination.

    (d)    all persons who have been terminated for same reason in last five years.

## ANSWER NO. 2

(a) (b) (c)    Rae Jean Nieland, RN, Director of Critical Care Services, was informed by staff that Plaintiff did not "call off" (was a "no-call, no-show") for Jan 4 or January 5, 2013. Based on that information and confirming that Plaintiff was scheduled to work on January 4 and January 5, Ms. Nieland executed a Personnel Action Request (PAR) to terminate Plaintiff's employment on January 7, 2013, pursuant to SRRMC attendance policies.

Joann Mramor, HR Director, signed approval of the PAR.

(d) Objection, irrelevant, overbroad and burdensome, not likely to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 3

Please identify all persons who have knowledge of any of the allegations in the Plaintiff's Complaint or your Answer to the Complaint; and for each person please state:

    (a)    The person's name, current address and telephone number.

    (b)    The paragraphs of the Complaint or Answer of which they have knowledge.

    (c)    Summarize the specific information that they have about the paragraph or the paragraphs of which they have knowledge.

## ANSWER NO. 3

Joann Mramor
c/o Roetzel & Andress
2320 First Street
Fort Myers, FL 33901

As Human Resources Director, Ms. Mramor has knowledge concerning Plaintiff's leave of absence, return from leave, light duty assignments, failure of Plaintiff to perform light duty

3

assignments, Plaintiff's termination, subsequent investigation and attempts to contact Plaintiff to return to work.

    Joanie Pochis
    c/o Roetzel & Andress
    2320 First Street
    Fort Myers, FL 33901

As Workers Compensation Coordinator and Employee Health Nurse, Ms. Pochis has knowledge concerning Plaintiff's leave of absence, return from leave, light duty assignments, failure of Plaintiff to perform light duty assignments, and Plaintiff's refusal to work the sedentary schedule assigned to her due to personal child care issues.

    Wendy Banks, RN
    c/o Roetzel & Andress
    2320 First Street
    Fort Myers, FL 33901

As the Emergency Room Charge Nurse, Ms. Banks has knowledge concerning Plaintiff's communications with the hospital.

    Rae Jean Nieland, RN
    c/o Roetzel & Andress
    2320 First Street
    Fort Myers, FL 33901

As Director of Critical Care Sevices for ED, ICU, and PACU, Ms. Nieland has knowledge concerning Plaintiff's leave of absence, return from leave, light duty assignments, failure of Plaintiff to perform light duty assignments, Plaintiff's termination and subsequent investigation.

    Teresa Wright, RN
    c/o Roetzel & Andress
    2320 First Street
    Fort Myers, FL 33901

As Director of Quality Management and Risk Services, Ms. Wright has knowledge concerning Plaintiff's termination, the subsequent investigation, and attempts to contact Plaintiff to return to work.

Defendant reserves the right to supplement and/or amend this Answer as discovery continues.

INTERROGATORY NO. 4

Please identify all persons having knowledge of Plaintiff's medical condition(s). For each person identified, please state all information possessed by such person, including how such person became aware of the medical condition(s), and identify all documents that support your answer.

ANSWER NO. 4

Objection, irrelevant and immaterial. With these objections noted and without waiving same, attempts were made to return Plaintiff to light-duty work but she did not respond to those requests to return to work. Joann Mramor and Joanie Pochis would have had knowledge of what Plaintiff reported regarding her medical condition. Presumably, Plaintiff's health care providers would have knowledge of Plaintiff's medical condition(s).

INTERROGATORY NO. 5

Please indicate who in your organization was responsible for preparing, updating and filing FMLA documents for employees from January 2010 to the date of Plaintiff's termination. For the person(s) identified, state all training such person(s) has received regarding FMLA, including the date and location of any such training. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

ANSWER NO. 5

Objection, overbroad and burdensome, not likely to lead to the discovery of admissible evidence. Without waiving said objection, Joann Mramor, HR Director, was responsible for FMLA paperwork.

INTERROGATORY NO. 6
Please identify all paperwork that was created regarding Plaintiff's FMLA leave or requests for such leave, including the name of the person(s) who created it and the date on which it was created. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

ANSWER NO. 6

Please see FMLA documents produced as part of Defendant's Response to Request for Production.

INTERROGATORY NO. 7
Please state the total amount of FMLA leave taken by Plaintiff during Plaintiff's employment. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

ANSWER NO. 7

Plaintiff was on FMLA from October 24, 2012 through January 2, 2013; 10 weeks.
Plaintiff was on FMLA from May 12, 2012 through July 31, 2012; 11 ½ weeks.
Please see FMLA documents produced as part of Defendant's Response to Request for Production.

INTERROGATORY NO. 8
Please identify all persons with whom Plaintiff communicated regarding Plaintiff's need for FMLA leave. For each person identified, please state the substance of each communication, the type of each such communication, the date on which such communication occurred, and identify all persons who were involved.

ANSWER NO. 8

Only Plaintiff would know everyone she communicated with regarding her need for FMLA. Joann Mramor sent Plaintiff a letter informing her that her concurrent FMLA/WC leave of absence had been approved, as evidenced by the FMLA documents.

INTERROGATORY NO. 9
Please identify all persons who received medical documentation regarding Plaintiff's medical conditions and continuing treatment, indicating the date on which such information was received. Identify all persons with knowledge of the information contained in your answer and identify all documents that support your answer.

ANSWER NO. 9

Objection, irrelevant and immaterial. With these objections noted and without waiving same, attempts were made to return Plaintiff to light-duty work but she did not respond to those requests to return to work. Joann Mramor and Joanie Pochis would have received documentation regarding Plaintiff's medical condition.

INTERROGATORY NO. 10
Please identify all persons at Plaintiff's work location who requested and/or were granted FMLA leave or filed a claim for workers compensation benefits from 2010 to present by name, address, position, dates of employment, and dates of FMLA.

ANSWER NO. 10

Objection, irrelevant, overbroad and burdensome, not likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 11
Please identify all discipline received by Plaintiff during Plaintiffs employment with Defendant, including dates, reasons and nature of discipline, and person issuing discipline.

ANSWER NO. 11

Please see Corrective Action/Discipline Records, Annual Evaluations, and other documents produced in Defendant's Response to Request for Production.

INTERROGATORY NO. 15
With respect to each and every defense, affirmative defense or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

ANSWER NO. 15

Objection, attorney-work product and attorney-client privilege.

INTERROGATORY NO. 16
Please identify any and all non-privileged documents upon which the Defendant relied in answering each of the above Interrogatory, and for each such document identified, please provide the Interrogatory Number that such document relates to.

ANSWER NO. 16

Please see documents produced by Defendant in Response to Plaintiff's Request for Production.

INTERROGATORY NO. 17
Please indicate who in your organization was responsible for requests for accommodation during Plaintiff's employment. For the person(s) identified, state all training such person(s) has received regarding accommodating employees with disabilities, including the date and location of any such training. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

ANSWER NO. 17

Objection, overbroad and burdensome, not likely to lead to the discovery of admissible evidence. Without waiving said objection, Joann Mramor, HR Director, and Joanie Pochis, Workers Compensation Coordinator, were responsible for accommodations. Teresa Wright took over that responsibility for Joanie Pochis in her absence. Rae Jean Nieland was responsible for determining an appropriate light-duty assignment for Plaintiff.

INTERROGATORY NO. 18
Identify all lawsuits or charges of discrimination against Defendant within the last five years involving the store where Plaintiff worked and claims similar to Plaintiffs. Identify all

9

ANSWER NO. 20
Objection, irrelevant, overbroad and burdensome, not likely to lead to the discovery of admissible evidence, and invades the privacy of third parties to the litigation by seeking information about medical conditions of non-parties.

INTERROGATORY NO. 21
Please identify Plaintiff's job title and describe all of Plaintiff's job duties with Defendant, including essential and non-essential functions and physical requirements of job.

ANSWER NO. 21
Plaintiff was a Registered Nurse in the ER Department and PACU Department. Plaintiff's Job Descriptions are produced in Defendant's Response to Request for Production.

INTERROGATORY NO. 22
Please indicate who in your organization was responsible for handling workers' compensation claims during Plaintiff's employment. For the person(s) identified, state all training such person(s) has received regarding workplace injuries, including the date and location of any such training. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer

ANSWER NO. 22

Objection, overbroad and burdensome, not likely to lead to the discovery of admissible evidence. Without waiving said objections, Joanie Pochis, Workers Compensation Coordinator and Employee Health Nurse, was responsible for handling workers comp claims. Ms. Pochis was out on a leave of absence from 1/24/13 to 6/24/13. During her absence, Teresa Wright oversaw workers comp issues. Joanie received on-the-job training as part of her initial job orientation and assessment of competency during 2008 by Teresa Wright, who previously held the position of Workers Comp Coordinator. HMA provided monthly webinar/training sessions on workers comp processes, procedures and policies.

7843563_1