## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**HAILEY HEFFRON,**

      **Plaintiff,**

**v.**                                                                 **Case No: 5:13-cv-453-Oc-22PRL**

**CITRUS HMA, LLC**

      **Defendant.**

_____

### ORDER

Pending before the Court is Plaintiff's First Motion to Compel Supplemental Discovery Responses from Defendant. (Doc. 17). Defendant has filed a response in opposition to the Motion. (Doc. 18). For the reasons stated below, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

### I.       Background

This action arises out of Plaintiff, Hailey Heffron's employment as a Registered Nurse with Defendant, Citrus HMA, LLC. Plaintiff alleges that after she sustained an injury at work, Defendant violated her rights under the Family and Medical Leave Act of 1993 ("FMLA"), the Americans with Disabilities Act of 1990 ("ADA"), § 504 of the Rehabilitation Act of 1973, the Florida Civil Rights Act, and Fla. Stat. § 440.205. (Doc. 6).

In her Amended Complaint, Plaintiff alleges that she injured her back while working and Defendant initially approved her leave under the FMLA through January 16, 2013. Plaintiff further alleges that Defendant forced her to come back to work early on January 3, 2013 and perform work outside her medical restrictions. She claims that on her first day back she further

injured herself and informed Plaintiff of her need for further accommodations and to continue her FMLA leave.   According to Plaintiff, rather than further accommodate or grant her FMLA leave, Defendant terminated Plaintiff's employment on January 10, 2013, claiming she violated Defendant's "no call, no show" policy.

## II.     Discussion

At issue here, are Plaintiff's first set of interrogatories and first request to produce, both of which were served on November 21, 2013.   Plaintiff asks the Court to overrule Defendant's objections to the discovery requests and require it to fully respond to Requests for Production 21 and 25 and Interrogatories 12, 15, and 20.

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.   *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).   Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed.R.Civ.P. 26(b)(1).   The party seeking discovery has the threshold burden of showing that the requested discovery is relevant.   *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).   Relevant information need not be admissible at trial; rather, discovery must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*   The party resisting discovery bears the burden to demonstrate specifically how the objected to request is unreasonable or otherwise unduly burdensome. *Oliver v. City of Orlando*, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

### A.     Requests for Production No. 21 and No. 25 and Interrogatory No. 20

All three of these discovery requests focus on requests for accommodations made by other employees of Defendant over the past several years.   In Request for Production 21, Plaintiff seeks "[a]ny and all documents related to any request for accommodation at store where Plaintiff worked

- 2 -

from 2010 to the present."   In Request for Production 25, Plaintiff seeks "any documentation that would evidence a request for an accommodation by an employee where Plaintiff worked and whether Defendant provided such accommodation or another accommodation or the rationale for denying such accommodation."   Likewise, in Interrogatory 20, Plaintiff requests that Defendant "identify all accommodations requested by employees of the location where Plaintiff worked in [the] last five years and whether request was denied or granted, including dates, reasons for denial if denied, and if employee is still employed (if not please indicate separation date and reason for separation)."

As an initial matter, Defendant objected that these requests violate the privacy of individuals who are not parties to this action.   Plaintiff argues that Defendant's privacy concerns are unfounded in light of the parties' confidentiality agreement and because Defendant could have redacted confidential information.   Even assuming the privacy concerns are addressed by the confidentiality agreement and redaction, the Court agrees that as drafted these requests are overbroad.

Defendant represents that it has already produced or is in the process of gathering and producing, documents related to former and/or current employees who were similarly situated insofar as leave requests under the FMLA, having suffered a workers' compensation injury, and/or were terminated for a violation of Defendant's no call/no show policy.   Plaintiff has failed to offer any support for her position that she is entitled to the much broader scope of information regarding **each and every** employee who requested **any and all** types of accommodations.   Given their remarkable sweep, these discovery requests are overbroad on their face.   Defendant will not be compelled to respond further.

Accordingly, Plaintiff's motion to compel as to Request for Production No. 21, Request for Production No. 25, and Interrogatory 20 is due to be **DENIED.**

### B.    Interrogatory 12

In Interrogatory 12, Plaintiff seeks the identity "of all persons terminated from 2010 to present at [Defendant's] facility and [the] reasons for their termination."  (Doc. 17).  Defendant objected that this interrogatory was irrelevant, overbroad and burdensome, and not likely to lead to the discovery of admissible evidence.  The Court agrees that this interrogatory is also overbroad.

As Defendant points out, Interrogatory 12 is partially duplicative of Interrogatory 2(d), under which Defendant has already produced information related to individuals who were terminated for the same reason as Plaintiff within the last five years.  (Doc. 18).  While Plaintiff might be entitled to a broader scope of information, the Court is unpersuaded that Plaintiff is entitled to information regarding **each and every** employee who was terminated for **any and all** reasons. Accordingly, Plaintiff's motion to compel as to Interrogatory 12 is **DENIED**.

### C.    Interrogatory 15

In Interrogatory 15, Plaintiff seeks "any and all factual and legal support for" Defendant's defense, affirmative defenses, and counterclaims and the identities of all witnesses with knowledge of such facts. (Doc. 17-2 at 9).   Defendant objected on the basis of attorney work product and attorney-client privilege.   Defendant also argues that an interrogatory should not require Defendant to provide a narrative of its entire case and that "Plaintiff is in as good a position as Defendant to evaluate the law."   Defendant further argues that the interrogatory is overbroad and burdensome because it does not seek only principal or material facts or witnesses.

The Court overrules Defendant's objections.   While counsel's thought-process is protected by either attorney client, or work product privilege, general facts to support an affirmative defense do not invade counsel's thought-process.   *Reist v. Source Interlink Companies, Inc.*, No. 2:10-cv-269-FtM-36SPC, 2010 WL 3958686, at *5 (M.D. Fla. Oct. 8, 2010). Moreover, although Defendant is not required to make a detailed narrative of its case, it is required "to detail the appropriate application of law to fact."   *Hendricks v. Mirabilis Ventures, Inc.*, No. 8:07-cv-661-T-17EAJ, 2008 WL 423566 at *2 (M.D. Fla. 2008).   Finally, as for witnesses, the identity and location of persons having discoverable information about the defenses is appropriate under Rule 26(b)(1).

Defendant requests that if the Court allows Plaintiff to proceed with this interrogatory, Defendant should, pursuant to Fed. R. Civ. P. 33(a)(2), not be required to respond to the interrogatory until the end of the discovery period.   The Court finds no compelling reason to delay Defendant's response.   Defendant can advise Plaintiff of the current bases for its asserted affirmative defenses and then, pursuant to its obligations under Rule 26(e), supplement its responses at a later date if more information becomes available through discovery. *See e.g., Titre v. S.W. Bach & Co.*, No. 05-80077-Civ-Marra/Seltzer, 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005)(explaining that a response with later supplementation is the preferred course of action when a party faces contention interrogatories during the infancy of litigation).

Accordingly, Defendant's objections as to Interrogatory 15 are overruled and Plaintiff's motion to compel is **GRANTED**.   Defendant shall serve a full and complete response to Interrogatory 15 within **ten (10) days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on April 8, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties